1

2

3

4

5

6             UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
7                      AT SEATTLE

8    SUMMER TURNER,                          CASE NO. C22-356 RSM

9                     Plaintiff,             ORDER

10         v.

11   MARY PLACE,

12                    Defendant.

13

14         Plaintiff Summer Turner, representing herself, has been granted leave to proceed *in forma*

15   *pauperis* in this matter.  Dkt. #7.  Plaintiff's proposed complaint has been docketed, but

16   summonses have not been issued.  Dkt. #8.  Reviewing this matter of its own accord, the Court

17   dismisses the action as duplicative of an earlier lawsuit Plaintiff has filed with this Court.

18         As noted, this is the second of two cases that Plaintiff has filed with this Court against

19   defendant "Mary Place."  Plaintiff's first action was against defendant Mary Place and other

20   defendants providing housing assistance in King County and, in overly broad terms, asserted that

21   the named defendants had not provided her adequate support and assistance, resulting in harm to

22   herself and young son.  *See Turner v. Mary Place*, Case No. 22-cv-00124-RSM, Dkt. #5 at 3–5

23   (W.D. Wash. 2022) ("*Turner I*").

24

ORDER – 1

1      Subsequently, Plaintiff filed this second action against Mary Place and asserted

2   substantially similar claims.  Plaintiff herself appears to believe that his action is duplicative as

3   her second complaint references *Turner I* and indicates that "this is [Plaintiff] reapplying since

4   no one returned my calls . . . or told me my court date."  Dkt. #8 at 3.

5      The Court has reviewed both operative complaints and has found that the matters are

6   substantially related and appear duplicative.  Concurrent with this order, the Court has issued an

7   order in *Turner I*, finding the *Turner I* complaint insufficient under applicable pleading standards

8   and ordering Plaintiff to file an amended complaint superseding the original and expounding on

9   her *Turner I* claims.  Because the claims of the two actions are at a minimum substantially similar,

10  and because nothing prevents Plaintiff from asserting additional claims in her amended *Turner I*

11  complaint, the Court finds that this matter should be dismissed.  *See Cato v. United States*, 70

12  F.3d 1103, 1105 n.2 (9th Cir. 1995) (IFP compliant that repeats pending claims is abusive and

13  properly dismissed under 28 U.S.C. § 1915(e)); *Aziz v. Burrows*, 976 F.2d 1158 (9th Cir. 1992)

14  ("district courts may dismiss a duplicative complaint raising issues directly related to issues in

15  another pending action brought by the same party"); *Adams v. California Dept. of Health*

16  *Services*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have 'no right to maintain two

17  separate actions involving the same subject matter at the same time in the same court and against

18  the same defendant.'").  Scarce judicial resources are not well spent by twice addressing the same

19  claims.

20      Accordingly, and having considered the issue, the Court finds and ORDERS that:

21    1.  Plaintiff's complaint in this action (Dkt. #8) is DISMISSED without prejudice.

22    2.  To the extent Plaintiff's complaint in this action alleges claims that she believes are not

23        duplicative of *Turner I* claims, Plaintiff may include the non-duplicative claims in the

24        amended complaint she has been ordered to file in *Turner I*.

ORDER – 2

1      3.  This action is CLOSED.

2      4.  The Clerk is requested to send a copy of this Order to Plaintiff at 720 Blanchard St.,

3            Seattle, WA  98121.

4            DATED this 7th day of June, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3